IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| TOMMY LEE HARDEMON,            ) | |
| ID # 528739,                              ) | |
|     Plaintiff,                          ) | |
| vs.                                           ) | No. 3:06-CV-0715-P (BH) |
|                                   ) | ECF |
| HUNT COUNTY SHERIFFS          ) | Referred to U.S. Magistrate Judge |
| DEPARTMENT, et al.,                  ) | |
|     Defendants.                      ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an Order of the Court in implementation thereof, subject cause has previously been referred to the United States Magistrate Judge. The findings, conclusions, and recommendation of the Magistrate Judge are as follows:

**I. BACKGROUND**

Plaintiff, a former inmate in the Hunt County Jail and current inmate in the Texas prison system, filed the instant action pursuant to 42 U.S.C. § 1983 against several defendants for alleged violations of his constitutional rights. He names Sheriff Don Anderson, Lt. Sneed, Chief Jailer Curtis Neel, Corporal K. Dixon, Officer D. Reagan, "Mr. Morgan", and Officer Tia Fields as defendants.[1] He asserts five claims: (1) defendants Dixon, Reagan, and Morgan have been opening his legal mail; (2) defendants Dixon, Reagan, and Morgan have been stopping mail to be filed in this Court and the Fifth Circuit Court of Appeals; (3) defendants Anderson, Sneed, Neel, and Dixon have violated his First and Eighth Amendment rights by not delivering mail sent to him from his ex-wife; (4) the named individual defendants have retaliated against him for the filing of previous civil

---

[1] Plaintiff initially listed the Hunt County Sheriffs Department and the Hunt County Mail Room as defendants, but later dropped them as defendants. (*See* Answer to Question 1 of Magistrate Judge's Questionnaire.)

actions against staff members at the Hunt County Jail; and (5) defendant Fields made derogatory statements toward him. In his complaint, he states that he seeks "All General Relief."

In an effort to clarify the precise relief sought the Court asked plaintiff to "identify the precise relief you seek from this action. In other words, what is it that you want to obtain from this lawsuit. If you seek monetary damages, please specify the precise amount of damages that you seek, and provide the basis for seeking such amount." (*See* Question 8 of Magistrate Judge's Questionnaire (MJQ).[2]) In response, plaintiff simply reiterated that he seeks "All General Relief" that is deemed appropriate by the Court. (*See* Answer to Question 8 of MJQ.)

## II. JURISDICTION

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack*, 395 U.S. 486, 496 (1969)). "If a dispute has been resolved or if it has evanesced because of changed circumstances, including the passage of time, it is considered moot." *American Med. Ass'n v. Bowen*, 857 F.2d 267, 270 (5th Cir. 1988). Fed. R. Civ. P. 12(h)(3) requires that federal courts dismiss an action "[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction over the subject matter."

In this instance, although plaintiff does not specify the precise relief he seeks from this action, he apparently does not seek monetary damages for the alleged constitutional violations. The Court

---

[2] Plaintiff's answers to the questions posed by the Court constitute an amendment to the filed complaint. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

pointedly asked him to "specify the precise amount of damages that you seek, and provide the basis for seeking such amount" if he sought monetary damages. The absence of a response stating that he does seek monetary damages as well as a stated amount reflects intent not to seek such damages. Consequently, the Court reasonably construes this action as one for injunctive relief to correct the policies and practices of the Hunt County Jail. Plaintiff, however, has not been housed in that facility since June 1, 2006. (*See* Notice of Change of Address received June 1, 2006.) His transfer "rendered his claims for . . . injunctive relief moot. And any suggestion of relief based on the possibility of transfer back to the [Hunt County Jail] is too speculative to warrant relief." *See Herman v. Holiday*, 238 F.3d 660, 665 (5th Cir. 2001); *accord Edwards v. Johnson*, 209 F.3d 772, 776 (5th Cir. 2000) (finding moot "claims for injunctive relief to correct procedures and practices" at a facility that formerly housed the plaintiff). As plaintiff does not seek monetary relief, this Court lacks subject matter jurisdiction over this action.

### III.  RECOMMENDATION

For the foregoing reasons, it is recommended that the District Court **DISMISS** plaintiff's complaint for lack of subject matter jurisdiction.

**SIGNED this 3rd day of May, 2007.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on plaintiff by mailing a copy to him. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory, or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE